**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                          **Cr. No. H-21-cr-357**

**ELIJAH BOISSEAU**

DEFENDANT'S MOTION TO SUPPRESS

The defendant, Elijah Boisseau ("Mr. Boisseau"), moves this Court to suppress the physical evidence that the police seized on or about January 29, 2019, after stopping the car which Mr. Boisseau was driving with neither a warrant nor reasonable suspicion and then searching it with neither a warrant nor probable cause.

I.      Facts**.**

Shortly before noon on June 16, 2021, the Houston Police Department received reports that the EZ Pawn at 13555 Westheimer Road had been robbed. The robbery allegedly involved three suspects, each armed with a firearm: one had a dark hat, a dark face covering, dark gloves, a long white-sleeve shirt, and dark pants; one had red track pants with a single white stripe along the leg, a black shirt with a white stripe on the sleeve, gloves, a Pittsburgh Pirates cap, and a black backpack; and the last had red track pants with three white stripes along the leg, a baseball cap, a dark long-sleeved top with a white logo, gloves, and white low-top sneakers. A black BMW X3 was seen at the time of the robbery.

At about 2:45 p.m. that same day, HPD officers were conducting surveillance about 8 miles away from the robbery at 1800 Barker Cypress Road. They saw a black Mercedes, a black Infiniti, and a grey Ford F-250 park next to one another. Five to six people, including at least one woman, were seen getting out of the cars; most carried bags. One man in red jogging pants with white stripes took off a black, long-sleeve shirt, put it in the trunk of the Mercedes, and put on a white shirt. That man and another later drove off in the Mercedes, and police decided to stop them.

The Mercedes was stopped on a highway by multiple law-enforcement vehicles. Mr. Boisseau was the driver, and co-defendant Eugene Rogers was in the passenger seat. Each man exited the vehicle on the highway, was immediately placed in custody, and then driven away in separate police vehicles.

A cursory search of the Mercedes was performed on the highway. The vehicle was then moved to a parking lot, where a more extensive search was performed. Various items of likely evidence were found during the search of the vehicle, including firearms, jewelry, telephones, tools, and clothing.

Neither Mr. Boisseau nor Mr. Rogers was asked for nor gave consent to the search of the vehicle, and police officers had obtained no warrant prior to conducting these searches.

II.     Legal Argument.

In order to justify a warrantless stop of a vehicle, the government must show that "an officer [had] an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." United States v. Andres, 703 F.3d 828, 832 (5th Cir. 2013). The limited information available to the officers at the time the vehicle Mr. Boisseau was driving was stopped did not rise to the level of reasonable suspicion.

Even if the stop of the vehicle was permissible under the Fourth Amendment, the subsequent warrantless searches were unreasonable.  Subject to a few limited exceptions, warrantless searches are unreasonable. United States v. Mata, 517 F.3d 279, 284 (5th Cir. 2008). Under one such exception, police may dispense with the warrant requirement if probable cause exists to search an automobile within their lawful control. United States v. Beene, 818 F.3d 157, 164 (5th Cir. 2016). An officer has probable cause to conduct such a search "when the facts available to him would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." Florida v. Harris, 568 U.S. 237, 243 (2013) (cleaned up).

At the time police searched the vehicle driven by Mr. Boisseau, they lacked probable cause to believe contraband was in the car, or that evidence related to any suspected crime was in the car.

Because law enforcement officers searched the vehicle driven by Mr. Boisseau without probable cause and without a warrant, the search was in violation of his Fourth Amendment rights. Where the seized evidence is the "direct product" of an unlawful search, it "must be suppressed." United States v. Cotton, 722 F.3d 271, 278 (5th Cir. 2013). Here all physical evidence found in the vehicle were found solely as a result of constitutional violations and should be suppressed.

III.     Conclusion.

For the reasons set forth above, the Court is requested to suppress from evidence at trial all physical evidence obtained following the unconstitutional stop of Mr. Boisseau and during the unconstitutional searches of the vehicle driven by him.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By /s/ Philip G. Gallagher
PHILIP G. GALLAGHER
Assistant Federal Public Defender
Attorney in Charge
New Jersey State Bar ID No. 2320341
Southern District of Texas No. 566458
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002-1056
        Telephone: 713.718.4600
        Fax: 713.718.4610

4

## CERTIFICATE OF SERVICE

I certify that on July 6, 2022, a copy of the foregoing Motion to Suppress was served by Notification of Electronic Filing upon all parties of record.

/s/ Philip G. Gallagher
PHILIP G. GALLAGHER