EXHIBIT

F

# General Order

## Houston Police Department

| ISSUE DATE: | NO. |
|---|---|
| November 29, 2016 | 600-10 |

REFERENCE: Supersedes all prior conflicting Circulars and Directives, and General Order 600-10, dated February 17, 2012

## SUBJECT: TOWING

### POLICY

When dealing with wreckers, towing of vehicles, and storage lots, employees shall not take action contrary to the City of Houston Code of Ordinances dealing with *Auto Wreckers and Storage Yards* (Chapter 8, Article III). Furthermore, employees shall follow the procedures indicated in this policy when handling such situations.

This General Order applies to all employees.

### DEFINITIONS

*Auto Wrecker.* Any vehicle so designated by state law and used for the purpose of towing, carrying, pushing, or otherwise transporting any motor vehicle. Also referred to herein as wrecker.

*City Wrecker.* A wrecker owned or contracted by the City. These wreckers are used to tow department vehicles, other City vehicles with memorandums of understanding with HPD, or crime scene vehicles when authorized by the officer in charge of the scene.

*Commercial Vehicle.* A truck, truck tractor, trailer, or combination thereof with a gross vehicle weight (GVW) rating of 10,001 pounds or greater.

*Consent Tow.* A tow by a wrecker that, prior to the arrival of an officer, is summoned or called to the scene by the owner or operator of the vehicle or by a person who has possession, custody, or control of the vehicle.

*Contract Auto Wrecker.* Any auto wrecker properly registered with the City of Houston under a Police Authorized Tow Service Agreement (PATSA), displaying the correct City of Houston wrecker medallion, and properly equipped to tow another vehicle.

*Freeway.* The entire public right-of-way of a divided, controlled-access highway located within the city of Houston, including its roadway lanes, entrance and exit ramps, shoulders, and unimproved areas, but excluding frontage or service roads.

*Heavy-Duty Wrecker.* A wrecker having a chassis rated at five tons or greater by the vehicle manufacturer and a winch rated by the winch manufacturer as capable of lifting a minimum of 30,000 pounds.

*Hooked Up.* According to the Texas Department of Licensing and Regulation, when a vehicle is fully prepared for transport by attachment to a wrecker, lifted in tow position, with tow lights and safety chains attached and, if required, placed on a dolly in a raised position and the only thing remaining is for the tow operator to drive away.

*Incident.* For the purpose of this General Order, an unplanned randomly occurring traffic event that adversely affects normal traffic operations.

*Incident Management Tow.* Any tow of a vehicle in which the wrecker is summoned to the scene of a traffic accident or to an *incident*, including the removal of a vehicle, commercial cargo, and/or commercial debris from a crash or incident scene.

*Large Vehicle.* A motor vehicle or a trailer in excess of eight feet in height at the highest point or in excess of 22 feet in length. This definition also includes a coupled motor vehicle and trailer having a combined length in excess of 30 feet.

**General Order #600-10** | **ISSUE DATE:** November 29, 2016 | **PAGE: #2**

**Nonconsent Tow.** A tow of a motor vehicle that is an *incident management tow* or a *private property tow* and is not a consent tow.

**Owner.** The owner of the vehicle towed or transported or any driver of the vehicle who reasonably appears to have authority to operate the vehicle.

**Police Authorized Tow.** Any tow authorized by a law enforcement officer. These tows are considered nonconsent tows.

**Police Private Storage Lot.** Any private storage lot operating under a current and valid agreement with the City of Houston.

**Police Scene.** For the purpose of this General Order, a scene requiring a police investigation, such as a vehicle crash, stolen vehicle recovery, or custodial arrest, or any other place a vehicle is subject to removal by a law enforcement officer. Tows from a police scene are considered nonconsent tows.

**Private Property Tow.** Any tow of a vehicle authorized by a parking facility owner without the consent of the owner or operator of the vehicle.

**SafeClear.** Under section 8-127 of the City of Houston Code of Ordinances, individual wrecker operators may establish a SafeClear Freeway Tow Agreement (SafeClear) with the City of Houston to provide towing or emergency road service on designated freeway segments.

**Special Incident.** A traffic scene that cannot be cleared by using only the services of a wrecker because of debris, special loads, or a vehicle of unmanageable size or condition (e.g., dislodged road barriers, truck rollovers, and lost loads of pipe, grain, gravel, or fuel).

**State Highway.** An interstate highway, U.S. highway, state of Texas highway, farm-to-market road, state spur, service roads of such highways, or any other type of road that is maintained by the Texas Department of Transportation (TxDOT). This also includes the intersection of other types of roads with *state highways*.

**Tow.** The removal from public or private property of a vehicle, including a trailer towed by the vehicle, by means of an auto wrecker only.

**Towing Zone.** An area in the city of Houston within towing boundaries designated by the department's Auto Dealers Detail to establish areas of responsibility for *contract auto wreckers*. Each *contract auto wrecker* is authorized to tow in one *towing zone* only (see section 19 of this General Order for exceptions). The *towing zone* boundary designations are kept on file in the Auto Dealers Detail.

**TxDOT Scene.** A *special incident* occurring on specifically designated *state highways* and requiring a *heavy-duty wrecker* or other support equipment to clear the roadway of vehicles and/or debris (e.g., a rollover truck or spilled load).

**Vehicle Examination Building (VEB).** The location used to process vehicles for forensic evidence. The VEB is operated by the Houston Forensic Science Center.

**Vehicle Impound Lot (VIL).** The vehicle storage facility located at 1300 Dart and maintained by the department's Property Division.

**Wrecker Driver License.** Wrecker drivers performing nonconsent tows shall have a wrecker driver license issued by the City of Houston. The three categories of wrecker driver licenses issued are as follows:

a.  **Private Property License:** This license permits tows only from private property under a valid contract. The license shall state "Private Property Only." The license holder cannot tow from any police scene unless called by the vehicle custodian.

**General Order #600-10** | **ISSUE DATE:** November 29, 2016 | **PAGE: #3**

b. **Police Authorized Tow Service Agreement (PATSA) License:** This license permits tows from private property under a valid contract and from police scenes with the exception of freeways. The license holder is allowed to tow from freeways if requested by a law enforcement officer or vehicle custodian.

c. **SafeClear License:** This license permits tows from any police scene including on and off the freeway. It also permits tows from private property under a valid contract.

## 1  USE OF WRECKERS

Vehicle owners may contact any wrecker service to tow their vehicles. Except as indicated otherwise in this General Order, officers shall always use *contract auto wreckers* for *police authorized tows*. Officers authorizing the towing of vehicles shall ensure they are moved quickly and safely.

### Emergency Use

Under emergency conditions or when there are more disabled vehicles than wreckers present, officers are empowered to order any *contract auto wrecker* to remove any wrecked or disabled vehicle a sufficient distance to clear the street for traffic.

When officers authorize tows under the above circumstances, a *Houston Police Department Record of Vehicle Disposition/Wrecker Slip* (wrecker slip) shall be completed and officers shall sign the slips as nonconsent tows. See section 4 of this General Order for information on wrecker slips.

### Towing from a Police Scene

Officers shall not allow wrecker drivers to solicit any business on a police scene. The City of Houston Code of Ordinances makes it unlawful for any wrecker driver to solicit the business of towing, removing, or repairing any abandoned or disabled vehicle at a police scene by words, cards, circulars, or gestures until such time as law enforcement officers have departed from the scene.

When officers authorize *incident management tows*, the following steps shall be followed:

a. Officers shall ask the vehicle operator where he or she would like to have the vehicle towed.

b. Officers shall direct the wrecker driver to deliver the vehicle where the owner requested.

c. If the owner is capable and willing to decide on a destination location for the vehicle, officers shall obtain the owner's signature in the *Owner/Operator's Destination Authorization for Nonconsent Tow* section of the wrecker slip.

d. If the owner is not capable or is unwilling to decide on a destination location, officers shall have the vehicle towed as a nonconsent tow by a *contract auto wrecker* to a *police private storage lot* in the police scene's *towing zone*.

### Towing Fees

For consent tows the City of Houston does *not* regulate towing, towing fees, storage fees, or towing destinations.

For nonconsent tows the fee is set by City ordinance. There is an hourly rate prescribed for *heavy-duty wrecker* tows and a set fee for all other types of wrecker tows.

If the vehicle owner is present at or arrives at the scene where an auto wrecker is attempting to tow a vehicle and the vehicle owner does not desire the vehicle to be towed, no charge shall be made and the vehicle owner shall be allowed to take possession of the vehicle if the vehicle has not been hooked up by the auto wrecker.

| General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #4 |
|---|---|---|

If the motor vehicle has been lawfully *hooked up* to the wrecker but not towed from the scene and the owner does not desire the vehicle to be towed, a half-price towing fee (a.k.a. drop fee) will apply. In this case, the vehicle shall be released to the vehicle owner upon payment of one-half the regular towing fee. A wrecker driver is required to tell the owner when the drop fee applies. If the vehicle has not been completely *hooked up*, the wrecker driver must drop it for no charge.

## 2 CONTRACT AUTO WRECKER REGULATIONS

### Wrecker Driver Requirements

Wrecker drivers performing nonconsent tows from a police scene shall have a City of Houston wrecker driver license prominently displayed on their person. The company identified on the driver license shall match the company displayed on the wrecker for the license to be valid.

### Towing Zones

*Contract auto wreckers* shall be registered for only one *towing zone* and may be utilized under PATSA only in that zone except as indicated otherwise in this General Order.

## 3 POLICE SCENES

At police scenes, officers shall ensure all wreckers:

a. Park as close to the curb as possible.

b. Not interfere with the flow of traffic.

c. Not park within a distance of 100 feet from a wrecked or stalled vehicle.

No wrecker driver is to remove or tamper with vehicles at a scene of a crash before the police investigation is complete. Wrecker drivers who tow vehicles from a scene are responsible for clearing the street and removing all debris, parts, or glass at no additional charge to the owners. Officers shall ensure the wrecker driver complies with these requirements.

No person shall be allowed to ignite any flammable object within a distance of fifty feet in any direction from a crash scene or enter into the area with any type of burning material.

### Requesting a Wrecker

To avoid any appearance of impropriety, officers shall make a general broadcast (GB) whenever they need a wrecker. Officers shall *not*:

a. Make prior arrangements or show favoritism in any form with any wrecker company or driver.

b. Recommend any wrecker service (e.g., company, repair facility, towing location, or type of wrecker) to any owner.

c. Accept gifts, gratuities, or favors of any kind from wrecker drivers or wrecker owners.

d. Allow the number of wreckers at a scene to exceed the number required for the vehicles involved plus two additional wreckers to warn oncoming traffic.

## 4 WRECKER SLIPS

A *Houston Police Department Record of Vehicle Disposition/Wrecker Slip* (wrecker slip) is a four-part carbonless form produced by the department's Print Shop and distributed to divisions by the Auto Dealers Detail. Officers shall be held personally responsible for completing a wrecker slip in legible print for all tows from police scenes. Officers shall not allow non-police personnel to

General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #5

fill out any portion of the wrecker slip except the signature line. Officers shall ensure:

a. If the vehicle has been reported stolen, the reportee's name, address, and telephone number are listed on the wrecker slip.

b. Any *police private storage lot* location listed on the wrecker slip is the exact location of the storage facility. The exact location according to department records is the only address the computer will accept when towing information is entered into the department's records management system (RMS). The exception to this is in the completion of the wrecker slip for a seized vehicle. The location of the storage for a seized vehicle shall be listed as: 1200 Travis.

If the computer rejects the entry because the officer placed an improper address on the wrecker slip, it shall be the responsibility of the officer authorizing the tow to immediately correct the mistake (regardless of whether the officer is on or off duty).

c. The vehicle identification number (VIN) is listed on the wrecker slip. When the VIN cannot be located or is unreadable, "unavailable" shall be entered in the VIN field. This is a mandatory field on the *Towed Vehicle* entry screen.

d. When arresting a driver for driving while intoxicated (DWI), to check the "Other" designation on the wrecker slip and write "DWI - unable to consent" underneath.

There are no exceptions for completing a wrecker slip on each vehicle towed from a police scene. Every vehicle towed from a police scene shall be documented in RMS. A vehicle towed to a location requested by the vehicle owner shall be listed as a stored vehicle on the *Towed Vehicle* entry screen. The employee number of the person entering the information into RMS shall be noted

in the *Data Entry Control Number* field of the wrecker slip. However, if the information is entered via mobile computing device (MCD), the transaction number shall be noted in that field instead.

**Auto Dealers Detail's Responsibilities**

On a weekly basis, divisions shall send wrecker slips to the department's Auto Dealers Detail (ADD), which shall maintain a physical file of the wrecker slips for at least two years.

On an annual basis, ADD shall review the wrecker slip form and coordinate any needed revisions with the department's Inspections Division. ADD shall then send the revised wrecker slip form to the department's Print Shop for issuance to divisions as needed.

**5   VEHICLE TOWING INFORMATION**

Officers shall enter information for *police authorized tows* into RMS within one hour following the time the vehicle was towed. Officers shall enter the tow information in the Towed Vehicle/SafeClear/Abandoned Vehicle section of RMS or in an incident report if one is required.

When entering towing information about a vehicle believed to be stolen or stripped, officers shall provide on both the wrecker slip and the incident report complete and accurate information regarding missing vehicle parts, damage to the vehicle, and other pertinent details.

**6   HEAVY-DUTY WRECKERS**

The following guidelines apply to all scenes involving a *heavy-duty wrecker* unless indicated otherwise in the below subsection, "TxDOT Scenes." When a *heavy-duty wrecker* is needed for a nonconsent tow, the officer in charge of the scene shall allow

General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #6

only a properly permitted and equipped *heavy-duty wrecker* to tow the vehicle.

Officers using *heavy-duty wreckers* shall observe the following guidelines unless a clear and present emergency exists.

a. If the scene is on a *state highway*, officers shall make a determination as to whether the scene is a *special incident*. In such cases, the officer shall determine, with the assistance of the dispatcher, if the address would result in the incident being designated as a TxDOT scene. Questions regarding this can be referred to TxDOT personnel at Houston TranStar.

b. If the owner of the involved vehicle does not indicate a *heavy-duty wrecker* preference, officers shall ask the police dispatcher to dispatch a *heavy-duty wrecker*. The officer in charge of the scene shall allow only the dispatched, *heavy-duty wrecker* to tow the vehicle.

c. Officers shall allow only a *heavy-duty wrecker* to tow a disabled heavy-duty vehicle.

d. When a *heavy-duty wrecker* is dispatched, it shall be required to give its company name and an estimated time of arrival that is not to exceed 45 minutes. This information shall be relayed to the officer in charge of the scene.

e. If the dispatched wrecker has not arrived by the estimated time, the dispatcher, at the officer's request, shall ask the *heavy-duty wrecker* company for an explanation concerning the delay and for a new estimated arrival time. This information shall be relayed to the officer in charge of the scene who shall decide if it is reasonable to continue to wait for the dispatched wrecker or whether another *heavy-duty wrecker* shall be dispatched. If a second wrecker is dispatched, only this wrecker shall be

allowed to tow the vehicle for which it was called.

f. When complicated towing situations are encountered, officers are advised to consider the counsel of the *heavy-duty wrecker* driver. If the scene officer disagrees with the wrecker driver's suggestions, a supervisor shall be summoned to the scene. For further assistance the officer can contact the on-duty or on-call ADD officer.

### TxDOT Scenes

At Texas Department of Transportation (TxDOT) scenes, TxDOT is in charge of *heavy-duty wreckers*, necessary support equipment, and the cleanup of major debris. If a TxDOT official arrives at an incident involving a *state highway* and deems it to be a TxDOT scene, the scene shall be considered as such by the department.

Officers who need the services of *heavy-duty wreckers* or other support equipment to clear a roadway at TxDOT scenes shall observe the following guidelines unless a clear and present emergency exists.

a. Only companies authorized by TxDOT may clear a TxDOT scene of heavy-duty vehicles or major debris.

b. TxDOT officials shall be considered in charge of the cleanup when they are on the scene or in communication with dispatchers or investigating officers. Officers and dispatchers shall cooperate with TxDOT officials coordinating scene cleanup. Officers shall retain control of the scene or delay scene cleanup as necessary to preserve a crime scene or its evidence.

The procedures for *contract auto wreckers*, which may also be needed to tow other vehicles from a TxDOT scene, remain the same as indicated elsewhere in this General Order for non-TxDOT scenes.

General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #7

A *heavy-duty wrecker* company dispatched by TxDOT shall not determine which wreckers tow other vehicles from TxDOT scenes.

## 7   HANDLING PRISONERS' VEHICLES

### Vehicle Disposition

An arresting officer shall always document the disposition of a prisoner's vehicle on a wrecker slip.

Prisoners are responsible for the disposition of their vehicles unless such vehicles are subject to a nonconsent tow or seizure or are needed as evidence. In all other instances, an officer shall release a prisoner's vehicle to a passenger or third party if all of the following apply:

a.   The vehicle is mechanically safe and not stolen or evidence in a crime, and there is proof of financial responsibility for the vehicle.

b.   The prisoner wishes to release the vehicle to a passenger or third party that is at the scene, not under arrest, in possession of a valid driver license, and not intoxicated.

An officer may, at the officer's discretion, give an arrested person the option of leaving the arrestee's vehicle at the scene of the arrest or location. The vehicle may be left at the scene if it is legally parked. If the vehicle is to remain on private property, permission shall be obtained from the property's owner or manager.

In any of the above scenarios, officers shall note all pertinent information on a wrecker slip and all applicable forms and reports. This information includes, but is not limited to:

c.   Any location where the vehicle was left.

d.   Any location to which the vehicle was towed.

e.   The complete information on any other involved persons.

f.   Any involved private property owner's information.

The prisoner shall sign the wrecker slip in the appropriate place to indicate the choice of disposition.

If the prisoner is not present or is unwilling or unable to select from the disposition alternatives, the arresting officer shall have the vehicle towed as a nonconsent tow by a *contract auto wrecker* to a *police private storage lot* in the arrest scene's *towing zone.*

### Driving a Prisoner's Vehicle

Officers shall not operate a prisoner's vehicle unless an emergency or exigent circumstance exists. If an officer must move a prisoner's vehicle, it shall be moved only as far as necessary to make the situation safe or to accomplish the police mission. Officers shall not drive any type of vehicle they are not licensed by the state of Texas to operate.

### Vehicle Inventory

Whenever an officer authorizes a nonconsent tow of a prisoner's vehicle, the officer shall personally conduct an inventory of items in the vehicle including any and all containers not secured by a lock and shall complete a wrecker slip. A detailed inventory list shall be written on the wrecker slip. Officers shall be specific in identifying inventoried items. General terms such as "miscellaneous property" shall not be used.

### Inventory of Seized Vehicles

All personal property shall be removed from a seized vehicle prior to it being towed by an approved *contract auto wrecker.* Everything not belonging to the vehicle shall be removed and handled in accordance with

General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #8

General Orders 700-01, **Property/Evidence Control Regulations** and 700-03, **Inventory of Prisoner's Property.**

## 8  STOLEN VEHICLES

An officer may contact the Records Division's Staff Review Section if the officer:

a. Has questions regarding entering information on the vehicle screen in RMS.

b. Has reported a stolen or recovered vehicle that urgently needs to be entered into or removed from TCIC/NCIC. The incident report must be "owner approved" before Staff Review is contacted.

c. Has reported a stolen vehicle that is equipped with a LoJack® vehicle recovery system.

If an officer needs to report towing information for a stolen vehicle and is not able to do so through RMS, the officer shall contact the Records Division's Auto Theft Section or their tow line.

### Records Division's Responsibilities

If an officer recovers a vehicle reported stolen in the city limits of Houston, Records Division shall first attempt to contact the complainant by telephone. If unable to make contact by telephone, Records Division shall immediately send a letter by regular mail to the complainant. Notification for recovery of a vehicle stolen outside the city limits of Houston shall be sent by the Records Division to the outside agency of concern via radiogram routed through the Message Center in the Emergency Communications Division. Records Division shall document all methods of contact or attempted contact with the complainant either in the narrative of a supplement to the incident report or by modifying the vehicle tab in RMS.

## 9  TOWING STOLEN VEHICLES

Whenever a stolen vehicle or a vehicle suspected of being stolen is recovered (whether or not it is occupied or operable), the re-recovering officer shall:

a. Attempt to contact the owner or complainant. The contact or attempted contact shall be documented in the narrative of the officer's report.

b. Advise the owner of the location and condition of the vehicle and determine how the vehicle is to be handled.

c. Attempt to lift or have fingerprints lifted at the scene before the vehicle is removed.

d. Have the vehicle removed as a nonconsent tow if the owner cannot be contacted or indicates no preference for disposition.

If the owner or complainant is contacted and indicates a preference for disposition of the vehicle, the officer shall wait no longer than 45 minutes for the owner or the owner's towing choice to arrive. If the owner or the towing choice has not arrived within the allotted time, the officer shall have the vehicle removed as a nonconsent tow unless the owner has chosen to leave it at the scene.

### Vehicles Stolen Outside of Houston

In addition to the above procedures, officers shall follow the below guidelines when a vehicle stolen outside the city limits of Houston is recovered inside the city limits of Houston. The recovering officer should have the vehicle towed by a *contract auto wrecker* to a *police private storage lot*. If the reporting agency requests a forensic examination, the officer shall request a *City wrecker* to transport the vehicle to the appropriate facility. The officer should also provide the vehicle's storage location to the reporting agency that submitted the TCIC/NCIC stolen entry.

| General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #9 |
| --- | --- | --- |

**NOTE:** Vehicles stolen outside the city limits of Houston and recovered inside Houston shall **NOT** be towed to the Vehicle Examination Building (VEB).

## Reports

Whenever a vehicle is found and it is stolen or suspected of being stolen, officers shall do one of the following, as applicable:

a. Generate a report titled *Investigation Auto Theft* and indicate within the body of the report the vehicle's disposition and why it is believed to be stolen.

b. Supplement the stolen vehicle report (or initiate a report if the theft occurred outside of Houston).

## Private Property Tows

When a suspected stolen vehicle is found on private property and the vehicle owner cannot be contacted, it is up to the private property owner or manager to remove the vehicle as a *private property tow*. As a courtesy to the owner or manager, officers may summon a wrecker, but shall not tow the vehicle under police authority except as outlined in section 11 of this General Order. In other circumstances, officers shall consult a supervisor to determine if any further action shall be taken.

## 10 SUBMERGED VEHICLES

Whenever any vehicle is submerged in water, the HPD Dive Team may use a *heavy-duty wrecker* to remove it.

## 11 VEHICLES WITH ALTERED VEHICLE IDENTIFICATION NUMBERS

If an officer locates an unoccupied vehicle in which the VIN has been removed, obliterated, or changed, the officer shall have the vehicle towed by a *City wrecker* to the Property Division's Vehicle Impound Lot (VIL). The officer shall follow all procedures described above for the disposition of stolen vehicles. If the vehicle is occupied, is involved in a TxDOT controlled scene, cannot be stored at the Property Division's VIL, or is claimed to be owned by a person, the officer shall consult a supervisor in the Auto Theft Division before taking further action.

When an officer receives a call from a wrecker driver wanting to tow a vehicle from private property and reports the vehicle's VIN has been removed, obliterated, or changed, the officer shall inspect the vehicle. If the VIN has been removed, obliterated, or changed, the officer shall follow the procedures as described in the previous paragraph. The officer shall also file an *Investigation Auto Theft* report.

## 12 BURNED VEHICLES

A patrol unit shall be dispatched to each vehicle fire at the same time the Houston Fire Department is notified. If arson is suspected, the Fire Department will notify its Arson Division. If police personnel arrive before arson investigators, the scene shall be secured as in other criminal investigations. After the arson investigation has been completed, the police officer in charge of the scene shall have the vehicle towed to the department's VIL by a *City wrecker*.

Officers shall also make a supplement recovery report, initiate an original theft report, or make an *Investigation Auto Theft* report if the vehicle has not been reported as a stolen vehicle. Officers shall provide arson investigators with the department's incident number and shall obtain the Arson Division's case number for inclusion in the initial or supplement report.

When no criminal activity is suspected and a burned vehicle can be identified by the VIN, the officer on the scene shall contact the Auto Theft Division for authorization for

| General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #10 |
|---|---|---|

the burned vehicle to be towed to a location other than the VIL. Upon receiving such authorization, the burned vehicle shall be towed in a manner consistent with this General Order.

## 13  HOLD VEHICLES

A hold shall not be placed on a vehicle unless authorization has been provided by the appropriate division. Vehicles placed on hold shall NOT be towed to a *police private storage lot*. All vehicles marked "hold" shall be transported by *City wrecker* to the department's VIL. Vehicles authorized for examination or processing for physical evidence shall be transported to the VEB by a *City wrecker* (see General Order 700-01, **Property/Evidence Control Regulations**, for instructions for submitting vehicles to the VEB). Once the examination has been completed the vehicle shall be transported to the VIL where it shall be stored until the hold is released.

If a vehicle needing to be held is found to have already been towed and stored at a *police private storage lot* before a hold was authorized, the vehicle shall be transferred by *City wrecker* from the *police private storage lot* to the VEB or the department's VIL, as applicable. The storage lot operator will maintain care of the vehicle until such transfer occurs. The vehicle owner must pay the *police private storage lot* operator prior to the release of the vehicle from police custody. If the owner does not reclaim the vehicle, the vehicle can be sold at auction and the storage lot operator's fees paid with the proceeds of the sale as outlined in state law.

Vehicles being held for court disposition shall be held at the VIL.

It is the responsibility of the division authorizing a hold to maintain a log of all vehicles being held by that division and to ensure that all vehicles remain on hold until no

longer needed. It shall be the sole responsibility of the division placing a hold on a vehicle to monitor the days in storage and update the vehicle hold on time. If a division fails to update a hold on time, the vehicle may be released by the VIL without contacting the holding division.

Vehicles marked "hold" may be released by the VIL or the concerned division only. If a vehicle can be released sooner than the holding period authorized, the holding division shall immediately complete a *Vehicle Release* form (available on the department's Intranet Portal or at the VIL), provide the form to the VIL or to the vehicle owner or representative, and notify the VIL that the vehicle may be released.

### Wrecker Slip on Vehicles Marked Hold

A wrecker slip shall be completed on all hold vehicles. A legible copy of the wrecker slip shall accompany the vehicle to the VEB or the department's VIL. The following four entries on the wrecker slip are mandatory and shall be completed when a hold is placed on a vehicle.

a.  Name of division requesting the hold

b.  Incident number

c.  Name and employee number of the officer authorizing the hold

d.  Reason for the hold

### Information Only Holds

In order for a division to authorize a hold, the vehicle must be wanted for examination or seizure. No vehicle, other than vehicles found to be involved in a Failure to Stop and Render Aid (FSRA) crash, shall be placed on hold for obtaining valid information on the owner.

If an investigator wants to be notified when someone attempts to recover a vehicle from

**General Order** #600-10 | **ISSUE DATE:** November 29, 2016 | **PAGE: #11**

the VEB, the VIL, or a *police private storage lot* (e.g., from a FSRA crash), the notation "Information Needed by Investigator" shall be placed on the top of the wrecker slip. The officer shall then obtain an incident number and complete the wrecker slip as an information only hold.

The VEB, VIL, and *police private storage lot* operators shall collect owner information on any stored vehicle prior to releasing it. By the terms of their agreements, all *police private storage lot* operators shall notify the concerned division when someone attempts to recover a vehicle flagged with an information only hold. Once notified, the concerned division shall take immediate action to obtain the needed information. Vehicle owners shall be allowed to obtain their vehicles from storage lots without undue delay.

## 14 SEIZED VEHICLES

The City of Houston has a towing company under contract for the towing and storage of all seized vehicles. When a vehicle is identified for seizure, officers shall contact the dispatcher on the appropriate channel and request a wrecker for a seized vehicle. Only the approved contracted towing company and not a City owned wrecker shall be utilized for these tows. Officers shall continue to complete a wrecker slip for the seized vehicle, marking it "07 Other Reason: Seizure." Officers shall enter "1200 Travis" as the location of storage. See General Order 700-08, **Asset Seizure and Forfeiture,** for additional information regarding the towing and storage of seized vehicles.

## 15 SUSPICIOUS VEHICLES

A suspicious vehicle is any vehicle the investigating officer (at the time the incident report is made) has reason to believe was involved in an offense, but no suspects are known to be directly related to both the offense and the vehicle.

Any vehicle that does not meet the above criteria and does not fit any of the other categories in the *Vehicle* section of the incident report shall be listed in the *Narrative* section of the report.

It is the responsibility of the appropriate investigative division to supplement incident reports to maintain a suspicious vehicle listing. These supplement reports shall be submitted every 60 *calendar* days or sooner.

If a suspicious vehicle listing has not been supplemented in 60 *calendar* days, the Houston Crime Information Center shall automatically downgrade the listing to *Canceled Suspicious* after an additional two weeks has elapsed.

Suspects shall not be arrested simply based on the computer status of the vehicle they are occupying, unless authorization has been given by the primary division. If the vehicle owner is arrested, the vehicle shall be handled according to guidelines outlined in this General Order.

## 16 WANTED VEHICLES

Suspects directly related to a suspicious vehicle must be listed in an incident report before the vehicle can be classified as a wanted vehicle. When a wanted vehicle is located, any occupants in the vehicle shall be detained while the officers contact the appropriate division for instructions. If authorization is obtained from the contacted division, the officers shall arrest the occupants. If the vehicle owner is arrested, the vehicle shall be handled according to the guidelines outlined in this General Order.



**General Order #600-10** | **ISSUE DATE:** November 29, 2016 | **PAGE: #12**

## 17 TOWING VEHICLES IN OTHER SPECIFIC SITUATIONS

Officers regularly face a variety of other situations that require a vehicle to be towed. When situations arise and there is no clear directive, officers shall contact ADD for directions. For the situations listed below, officers shall adhere to procedures as follows.

### Vehicle Creating a Traffic Hazard

When a vehicle is blocking a moving lane of traffic or is causing an obvious traffic hazard, the officer shall have the vehicle removed as a nonconsent tow.

### Abandoned Vehicle (No Traffic Hazard)

When a vehicle is parked on a public street, but presents no traffic hazard, there shall be a minimum of two parking tickets issued against the vehicle for being parked in excess of 24 hours on a public street before the vehicle is removed as a nonconsent tow.

### Time Limit for Trailer Parking

Trailers of any kind (e.g., semi, pole, or house), either attached or unattached to a motor vehicle, may be towed if left on a public street of the city for a period of time in excess of two hours. The exception to this is if the trailer is in the process of being loaded or unloaded. These tows shall be considered nonconsent tows.

### Commercial Vehicle Parking

*Commercial vehicles* shall not be parked on the city streets between 0200 and 0600 hours. The exception to this is if the vehicle is in the process of being loaded or unloaded. These tows shall be considered nonconsent tows.

### Large Vehicle Restrictions

*Large vehicles* are not allowed to park on any street or highway in any residential district and shall be towed as nonconsent tows.

Exceptions to the above include any situation in which the vehicle is:

a. In the process of being loaded or unloaded.

b. Performing a service visit.

c. Leased or borrowed and parked for a period of not more than 72 hours.

### Abandoned or Junked Vehicle on Private Property

Vehicles on private property believed to be abandoned or junked shall be reported to City of Houston Division of Inspections and Public Service for their processing and handling.

### Vehicle Towed from a Freeway (SafeClear)

Officers are authorized to have a vehicle removed immediately from a major *freeway* including entrance or exit ramps, whether the vehicle is in a moving lane of traffic or not. These tows shall be considered nonconsent tows subject to the guidelines of SafeClear. Any vehicle towed from a police scene on a *freeway*, shall be towed by one of the following.

a. A SafeClear wrecker.

b. A tow operator who is called to the scene by the vehicle owner and who arrives at the location of such vehicle before the law enforcement officer in charge of the scene directs the removal of the vehicle. The tow operator may include, but is not limited to, an auto wrecker operated by an automobile club, insurance company, or other person having a contractual obligation to provide the vehicle owner with towing services.

| General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #13 |
|---|---|---|

c. Any *contract auto wrecker* operator if a SafeClear wrecker is unavailable.

### Vehicle Left at Expired City Parking Meter

If a vehicle has been left for longer than five times the maximum time limit that may be purchased from the meter and has accumulated five tickets, the officer is authorized to have the vehicle removed as a nonconsent tow.

### Vehicle Left Downtown

A vehicle left downtown shall not be treated differently than any other vehicle authorized by a police officer to be towed as a nonconsent tow.

### Vehicle Towed From a Chop Shop

Situations involving chop shops, auto parts, major components of numerous vehicles, or other related auto theft issues may require a specialized wrecker with the equipment to service such an incident. When Auto Theft Division personnel determine a scene qualifies for the use of a specialized wrecker, they shall contact the dispatcher and request a wrecker via General Broadcast.

The approval of the use of this type of wrecker shall be authorized by an Auto Theft supervisor holding the rank of lieutenant or higher.

### Vehicle for Sale on Public or Private Property

Only ADD or specifically trained Differential Response Team officers shall tow vehicles for sale on public or private property.

### Residential Parking Permit Areas

State law and City ordinance allows City of Houston Parking Management Division employees to authorize the tow of vehicles illegally parked in tow away zones located in residential parking permit areas.

## 18 CONFLICT OF INTEREST

No employee shall have any ownership or interest in any wrecker or storage facility required to be permitted under the provisions of Chapter 8, Article III of the Houston Code of Ordinances.

## 19 EXCEPTIONS

Unless indicated otherwise in this section, City of Houston wrecker ordinances and the above department towing policies do not apply in any of the following situations.

a. The wrecker is owned by the owner of the vehicle being towed by the wrecker. This exception does not apply to wreckers merely under contract to the same owner. Officers shall ensure both vehicles are owned by the same person or company listed on the registration form or current bill of sale before allowing a wrecker to operate under this exception.

b. The vehicle is being towed as part of a lawful repossession pursuant to a request by the lienholder.

c. The wrecker's owner does not have a place of business in the city of Houston, the wrecker is not used to perform any nonconsent tows in the city of Houston, and the wrecker is operated in accordance with applicable state laws.

Wreckers operating under any of these exceptions shall still adhere to state law.

### Requesting City Wreckers After Hours

After hours and on holidays, employees requiring the services of a *City wrecker* shall contact the company under City contract via the dispatcher. Officers shall complete a wrecker slip and be mindful of chain of custody responsibilities. Officers shall obtain keys for the VEB or the department's VIL from the Property Division.

General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #14

### Contract Auto Wrecker Exceptions

*Contract auto wreckers* are allowed to operate outside of their assigned *towing zones* in any of the following situations:

a. A vehicle owner calls the auto wrecker to the scene.

b. The officer in charge of the scene GBs for a *contract auto wrecker*. Officers are allowed to use or call *contract auto wreckers* out of their assigned *towing zones* only when one or more of the following situations exist:

   1. An emergency condition exists as stated in section 1, subsection "Emergency Use" of this General Order.

   2. The situation is a nonconsent tow, there are no area *contract auto wreckers* available, and no area *contract auto wreckers* shall become available.

## 20 DISPUTES BETWEEN WRECKER DRIVERS AND OFFICERS

Should a dispute arise between a wrecker driver and an officer at a police scene, officers shall adhere to the following guidelines:

a. Complaints regarding the officer's selection shall not be argued at the scene. No delay or disruption of the scene investigation shall be tolerated. Complaints may be made only after the scene has cleared. The officer's decision shall be subject to review by the appropriate authority.

b. Officers authorizing the tow shall contact their immediate supervisor to make the scene if warranted.

c. If needed, the on-scene officer or super-

visor may contact ADD at its 24-hour telephone number.

d. If an on-duty or on-call ADD officer is contacted regarding an incident, the ADD officer shall review each situation to determine the most efficient and effective method to handle the incident.

e. An on-duty or on-call ADD officer shall be notified of any serious incident involving a wrecker company or wrecker driver. Examples include, any incident involving criminal activity, multiple City ordinance violations, or any incident the on-scene officer determines to be serious.

f. Officers shall not confiscate a wrecker driver license or City of Houston wrecker medallion. The suspension or revocation of wrecker driver licenses shall be handled by ADD.

g. Any complaint or dispute with a wrecker driver or wrecker company shall be communicated to the ADD using the *Police Officer's Wrecker Complaint* form available on the department's Intranet Portal.

## 21 RELATED GENERAL ORDERS AND REFERENCE MATERIAL

200-05, **Parking Regulations and Release of Towed Vehicles**
500-18, **Traffic Violations by Legislators and Military Personnel**
600-09, **Crash Investigations**
700-01, **Property/Evidence Control Regulations**
700-03, **Inventory of Prisoner's Property**
700-08, **Asset Seizure and Forfeiture**
800-07, **Criteria for Submitting Incident Reports**
800-08, **Auto Theft Reports**

The Texas Occupations Code Chapter 2308, Vehicle Towing and Booting

| General Order #600-10 | ISSUE DATE: November 29, 2016 | PAGE: #15 |
|---|---|---|

Code of Ordinances, City of Houston, Texas, Chapter 8, Article III, Auto Wreckers and Storage Yards

Martha I. Montalvo
Acting Chief of Police