UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:21-CR-357 |
| | § | |
| ELIJAH BOISSEAU, | § | |
| Defendant. | § | |

PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and John S. Ganz, Assistant United States Attorney, and the defendant, Elijah Boisseau ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**Defendant's Agreement**

1.    Defendant agrees to plead guilty to Counts One, Two and Three of the First Superseding Indictment (ECF 20). Counts One and Three charge Defendant with Aiding and Abetting Interference with Commerce by Robbery in violation of Title 18, United States Code, Sections 1951(a) and 2. Count Two charges Defendant with Aiding and Abetting Use, Carry and Brandish of a Firearm During and in Relation to a Crime of Violence in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the First Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2.  The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1951(a) as charged in Counts One and Three of the First Superseding Indictment is imprisonment of up to 20 years and a fine of up to $250,000. Defendant may receive a term of supervised release after imprisonment of not more than three years. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2).

The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) as charged in Count Two of the First Superseding Indictment is imprisonment of not less than seven (7) years to be served consecutive to any sentence of imprisonment the Court imposes. Additionally, Defendant may receive a term of supervised release after imprisonment of up to five (5) years. *See* Title 18, United States Code, sections 3559(a)(1) and 3583(b)(1).

Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than three (3) years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(e)(3).

Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.  Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment

2

in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

5.   Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event

3

Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.   Defendant also agrees that should the conviction following Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing

Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts One, Two and Three of the First Superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the First Superseding Indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the First Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

5

**United States' Non-Waiver of Appeal**

11.    The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)    to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)    to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

12.  Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences

6

imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One, Two and Three of the First Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

EZ Pawn is a chain of pawn shops that advertises itself to the public on the internet. It regularly moves goods in its shops' inventory between shops it operates in Texas, Illinois, Oklahoma, Florida, Arizona and Nevada. The company also transfers funds between its various

locations and its company bank accounts using wire transfers. Robberies of EZ Pawn thus affect, delay and/or obstruct the movement of goods in interstate commerce.

Defendant and co-defendants/co-conspirators robbed two EZ Pawn shops, both of which were located in the Southern District of Texas.

The first robbery, the one underlying Counts One and Two, took place on June 3, 2021 at the EZ Pawn at 11213 Bissonnet Street, Houston, Texas.

At about 7:16 p.m., shortly after the store closed, Defendant, later identified as Elijah Boisseau, and co-defendants/co-conspirators drove to the store in a Black BMW SUV, backing the car into a parking spot that abutted the shop's front door. Defendant and another man went to the store to rob it, and both men knew that firearms would be used in the robbery.

Two employees, J.J. and M.P., were on duty, with J.J. in the front of the store and M.P. in the rear. J.J. thought the BMW was an Uber ride M.P. had called and walked outside. Defendant, his face covered, wearing gloves, a white top, multi-colored hat, red track pants with white stripes down the side and white tennis shoes, pointed a pistol at J.J. and said, "Where you think you're going?" Defendant then grabbed J.J. by his shirt, forced him back inside the store, then to a back room containing a safe. J.J. kept his hands up while under Defendant's control. Once they reached the back room, J.J. pleaded with Defendant, saying, "Please don't shoot me." J.J. then laid face down on the floor.

The second robber, armed with a Ramset hammer, ran ahead of Defendant, found M.P., grabbed M.P. by the shirt, then forced M.P. to a back room where a safe was located. When told that safe was locked, the second robber forced M.P. into another room where another safe was located. The second robber opened the safe and took jewelry worth $153,242 and $526.65 in cash

8

from it. Defendant and the other robber then fled the store with the stolen items. Investigators later recovered some of the jewelry. EZ Pawn suffered a net loss of $153,368.69 from the robbery.

The second robbery, the one underlying Count Three, took place on June 16, 2021 at the EZ Pawn at 13555 Westheimer Road in Houston, Texas. Shortly before noon, a black BMW SUV backed into a parking spot in front of the store. Three men, including Defendant, entered the store. Defendant, his face covered, wore gloves, a hat, a dark top, red track pants with white stripes down the side and white tennis shoes. The three men went to the shop to rob it. Each man wore a mask and hat to conceal their faces. Each man carried a pistol, and each man knew that firearms would be used in the robbery.

One robber pointed his pistol at employee J.C.'s face and demanded that J.C. open the cash register; J.C. did so. The robber took the cash inside the register, then ordered J.C. to lie down on the floor. J.C. did so. J.C. feared for their life.

Employee L.W. was working in a rear storeroom when one of the robbers walked in and pointed a gun at L.W.'s head. That robber ordered L.W. to open the safe. L.W. did so. The robber then ordered L.W. to the floor. L.W. feared for their life.

Employee E.L. was working in the front of the shop when the robbers arrived. As soon as E.L. saw the robbers rush in, E.L. put their hands up to avoid being viewed as a threat to the robbers. E.L. quickly laid down on the floor. E.L. feared they would be shot during the robbery.

Employee P.T. was working in the front of the store when the robbers rushed in. One robber grabbed P.T. by the arm. The robber climbed over the jewelry counter and made P.T. do the same. The robber forced P.T. to unlock the jewelry cases and extracted several trays full of jewelry.

The robbers then forced E.L., P.T. and J.C. into the back room where L.W. was being held and forced all four employees to lie face down on the floor. The robbers then fled the store.

The robbers stole 279 pieces of jewelry worth $157,649; 12 firearms valued at $2,725; and $3,684 in cash. Investigators later recovered most of the stolen jewelry. EZ Pawn's net loss from the robbery totaled $10,058.95, consisting of $3,649.95 in stolen jewelry, $2,725 in stolen firearms and $3,684 in cash.

At no time did Defendant or his co-conspirators have EZ Pawn's permission to take any of the items in question from either of the two robberies. The EZ Pawn employees in the two shops gave up the items in question against their will because they feared for their safety, especially because the Defendant and/or his fellow robbers brandished guns during the robbery.

A robbery of EZ Pawn affects, delays and obstructs interstate commerce and the movement of articles and commodities in interstate commerce.

### Breach of Plea Agreement

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

10

**Monetary Penalties, Assets and Financial Disclosures**

16.    Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17.    Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Restitution**

18.    Defendant agrees to pay full restitution to the EZ Pawn regardless of the counts of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, EZ Pawn incurred a monetary loss of at least $163,427.91. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

## Forfeiture

19.    As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation;

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $163,427.64 from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount;

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

## Financial Statement

20.    Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

21. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees

12

to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

22.    This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _April 10_, 2025.

_Elijah Boisseau_
Elijah Boisseau
Defendant

Subscribed and sworn to before me on _April 10_, 2025.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

13

APPROVED:

Nicholas J. Ganjei
United States Attorney

By:    _____           _____
       John S. Ganz                        Chukwudi Egbuonu
       Assistant United States Attorney    Attorney for Defendant
       Southern District of Texas

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:21-CR-357 |
| | § | |
| | § | |
| ELIJAH BOISSEAU, | § | |
| Defendant. | § | |

## PLEA AGREEMENT – ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment/information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Chukwudi Egbuonu
Attorney for Defendant

_4/10/2025_____
Date

15

I have consulted with my attorney and fully understand all my rights with respect to the First Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____
Elijah Boisseau
Defendant

_____4/10/25_____
Date

16